UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| CHRISTOPHER JON WICKSTROM, ) | |
| ) | Case No. 06-14571-WCH |
| Debtor ) | |

## STIPULATION BETWEEN
## CHRISTOPHER WICKSTROM AND LBM FINANCIAL, LLC

Christopher Jon Wickstrom (the "Debtor"), the debtor in the above-captioned Chapter 11 proceeding and LBM Financial, LLC ("LBM" and together with the Debtor the "Parties"), hereby stipulate as follows:

A. On December 4, 2006 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

B. Among other things, the Debtor holds interests in certain land and commercial buildings, as follows: (i) land and buildings located at 181 Queen Anne Road, Harwich, Massachusetts (the "181 Queen Anne Property"), (ii) land and a commercial building located at 195 Queen Anne Road, Harwich, Massachusetts (the "195 Queen Anne Property"), (iii) real estate and improvements identified as that certain parcel or parcels of land commonly known as: the land on Forestdale Road, Mashpee, Massachusetts (the "Mashpee Property"), (iv) land and buildings located at 33 Wooncepit Road, Harwich Port, Massachusetts (the "33 Wooncepit Property" and together with the 181 Queen Anne Property, the 195 Queen Anne Property and the Mashpee Property, the "Properties").

C. On the Petition Date, the Debtor held an interest in real property located at 29 Wooncepit Road, Harwich Port, Massachusetts. Following the Petition Date, this property was sold free and clear of liens, claims and interests, and approximately $27,900 (the "29 Wooncepit Proceeds") remains from such sale.

D. As of the Petition Date, LBM held a first mortgage on the Mashpee Property, and second or third mortgages on the remaining Properties, to secure obligations arising from certain loans made to the Debtor in 2005 (the "LBM Loans").

E. Based on the LBM Loans, on or about June 5, 2007, LBM filed a proof of claim asserting a total secured claim of approximately $3,790,000 (the "LBM Proof of Claim").

F. The LBM Proof of Claim states that LBM's claim against the Debtor is comprised of two (2) promissory notes. LBM asserts that the Debtor owed it, as of the Petition Date, approximately $3,268,038 on account of such notes. LBM's mortgage on the Mashpee Property secures a note, the principal amount of which was $2,191,500.

G. Other than municipal liens and the LBM mortgage, the Debtor and LBM believe that the Massachusetts Department of Revenue (the "DOR") and/or the Internal Revenue Service may assert liens on the Mashpee Property.

H. LBM has mortgages against the 181 Queen Anne Property, the 195 Queen Anne Property and the 33 Wooncepit Property (collectively the "Released Mortgages").

I. The Debtor disputes LBM's claims and believes that he has both defenses to LBM's claims and affirmative claims against LBM. Any litigation with LBM would entail substantial costs, a substantial delay and the risk of an adverse or partially adverse outcome.

J. On December 19, 2008, the Debtor filed a First Amended Plan of Reorganization of Christopher Jon Wickstrom Debtor and Debtor in Possession (the "Plan").

K. On December 30, 2008, LBM filed a *Motion For Relief From Automatic Stay and For Leave to Foreclose, or, in the Alternative, For Adequate Protection* (the "Motion For Relief").

L. The Debtor and LBM have negotiated in good faith and at arms' length and, subject to the approval of the Bankruptcy Court, have agreed to the settlement described in this stipulation (the "Stipulation").

M. LBM has voted against the Plan (the "LBM Vote") and intends to file an objection to confirmation of the Plan (the "LBM Objection").

**NOW THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties stipulate and agree, subject only to the approval of the Bankruptcy Court, as follows:

1. In full and final satisfaction of all of LBM's claims against the Debtor, including without limitation all claims arising from the LBM Loans and all claims asserted in the LBM Proof of Claim or in the Motion for Relief, on the Consummation Date (as defined below), the Debtor shall: (a) transfer the Mashpee Property to LBM, or its nominee, free and clear of all liens, claims and interests, except for any claims secured by liens senior to LBM's liens on the Mashpee Property, including real estate taxes, and (b) remit the 29 Wooncepit Proceeds to LBM. Pursuant to Section 1146 of the Bankruptcy Code, the transfer of the Mashpee Property to LBM shall be free of any transfer or stamp taxes. Contemporaneously with the execution of this Stipulation, the Debtor shall execute a deed to the Masphee Property (the "Deed") and a Certificate and Direction of Beneficiaries of the Full Throttle Realty Trust (the "Certificate"), substantially in the forms attached as Exhibit A, and shall deliver the executed Deed and Certificate to counsel for the Debtor. Counsel for the Debtor shall hold the executed Deed and

3

Certificate in reserve until the Consummation Date. On the first business day after the Consummation Date, or as soon as practicable thereafter, counsel for the Debtor shall deliver the 29 Wooncepit Proceeds and the executed Deed and Certificate to counsel for LBM. LBM in its sole discretion may accept the Deed. Acceptance of the Deed will only be deemed to have occurred when and if the Deed is filed with the applicable registry of deeds. If LBM does not accept the Deed then LBM shall be authorized, without further order of the Bankruptcy Court, to make entry and exercise its power of sale under the mortgage on the Mashpee Property, and LBM, its successors, or assigns, or the purchaser may proceed with summary process proceedings to evict any person or entity on the Mashpee Property. All of LBM's actions with respect to the Mashpee Property shall be in accordance with applicable state and Federal law.

2.     Effective on the Consummation Date, LBM, on behalf of itself and its respective successors and/or assigns, releases, waives, disclaims and discharges the Debtor, the Pudgy Dog Realty Trust, the C.C. Queen Anne Realty Trust, the Full Throttle Realty Trust and all of their trustees, representatives, predecessors, successors, assigns, and the officers, directors, attorneys, employees, agents and representatives of any of the foregoing (collectively the "Debtor Released Parties"), from any and all liens, mortgages, claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, whether derivative of any claims, causes of action or choses in action, and whether based on any federal law, state law, common law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued based upon wrongful or other acts, omissions, conduct or other matters occurring prior to the date of this Stipulation, including, without limitation, any of the foregoing arising from or relating to the

LBM Loans, the LBM Proof of Claim and LBM's mortgages on the Properties; provided, however, that nothing in this paragraph 2 shall release, waive, disclaim or discharge: (a) the Debtor Released Parties' respective obligations under this Stipulation, (b) the obligation to transfer of the Mashpee Property and the 29 Wooncepit Proceeds to LBM pursuant to paragraph 1 of this Stipulation, and (c) any claims or rights that LBM has as to any claim that was filed or could have been filed in the Wickstrom Materials Corporation matter, Case No. 06-11513-WCH, and/or any defense that LBM has to the adversary action brought against LBM by the Chapter 7 Trustee of Wickstrom Materials Corporation. Contemporaneously with the execution of this Stipulation, LBM shall execute discharges of its mortgages against the Properties (except for the Masphee Property), substantially in the form attached as <u>Exhibit B</u> (collectively the "Discharges"), and shall deliver them to counsel for the Debtor. Upon confirmation that the executed Deed and Certificate and the 29 Wooncepit Proceeds have been delivered to counsel for LBM, counsel for the Debtor may remove the Discharges from reserve.

      3.      Effective on the Consummation Date, the Debtor, the Pudgy Dog Realty Trust, the C.C. Queen Anne Realty Trust, the Full Throttle Realty Trust, on behalf of themselves and their respective successors and/or assigns, release, waive, disclaim and discharge LBM and its representatives, predecessors, successors, assigns, and the officers, directors, attorneys, employees, agents and representatives of any of the foregoing (collectively the "LBM Released Parties"), from any and all liens, mortgages, claims, counterclaims, actions, causes of action, lawsuits, proceedings, adjustments, offsets, contracts, obligations, liabilities, controversies, costs, expenses, attorneys' fees and losses whatsoever, whether in law, in admiralty, in bankruptcy, or in equity, whether derivative of any claims, causes of action or choses in action, and whether based on any federal law, state law, common law right of action or otherwise, foreseen or

5

unforeseen, matured or unmatured, known or unknown, accrued or not accrued based upon wrongful or other acts, omissions, conduct or other matters occurring prior to the date of this Stipulation, arising from or relating to the LBM Loans and the LBM Proof of Claim; provided, however, that nothing in this paragraph 3 shall release, waive, disclaim or discharge the LBM Released Parties' respective obligations under this Stipulation.

4.  The Parties shall execute such documents as are reasonably necessary to effectuate the terms of this Stipulation.

5.  Subject to the approval of this Stipulation, LBM shall vote in favor of the Plan and such other plans proposed by the Debtor, provided that such plans do not propose treatment of LBM's claims that is different from the treatment in this Stipulation. Upon approval of this Stipulation, LBM shall withdraw the LBM Objection and shall assent to a motion to change the LBM Vote to a vote in favor of the Plan. The Debtor shall seek approval of this Stipulation in conjunction with confirmation of the Plan. Any proposed order confirming the Plan shall include provisions that state that the transfer of the Mashpee Property to LBM is: (a) part of the Plan, (b) is free and clear of all liens junior to LBM's mortgage, including, without limitation, any liens asserted by the DOR and the IRS, and (c) that the transfer of the Mashpee Property is free of transfer and/or stamp taxes pursuant to Section 1146 of the Bankruptcy Code.

6.  Notwithstanding any other provision of this Stipulation, the parties' obligations under this Stipulation are not conditioned on the confirmation of the Plan or of any plan.

7.  For purposes of this Settlement Agreement, the term "Consummation Date" shall mean the earlier to occur of: (a) the entry of a Final Order confirming the Plan that includes a provision approving this Stipulation, or (b) the entry of a Final Order approving this Stipulation.

8. For the purposes of this Stipulation, the term "Final Order" shall mean an order as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has expired and as to which no appeal or petition for rehearing or certiorari is pending or, if an appeal or petition for rehearing or certiorari has been timely filed or taken, the order or judgment has been affirmed by the highest court to which the order was appealed or the petition for rehearing or certiorari has been denied and the time to take any further appeal or to seek any rehearing or certiorari has expired.

9. The Parties consent to the jurisdiction of the Bankruptcy Court for any matter relating to or arising from this Stipulation.

10. This Stipulation constitutes the complete and exclusive agreement of the Parties with respect to the subject matter of this Stipulation and supersedes all prior and contemporaneous agreements and understandings, oral or written, between the Parties with respect to such subject matter.

11. Subject to the entry of an order of the Bankruptcy Court approving this Stipulation, this Stipulation shall be binding upon and inure to the benefit of the Parties, and their respective administrators, representatives, successors and assigns.

12. Except as necessary to enforce this Stipulation, nothing in this Stipulation shall be construed as an admission by either Party of the validity of the claims of any other Party to this Stipulation or any matter set forth in this Stipulation, or any facts, allegations, claims or defenses raised in connection with matters relevant to this Stipulation.

13. This Stipulation shall be governed by and construed in accordance with the substantive law of the Commonwealth of Massachusetts, and shall have the force and effect of an

instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

14. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile. The Parties represent and warrant that each person signing this Stipulation is duly authorized to do so.

15. This Stipulation shall have no force or effect unless it is approved by a Final Order of the Bankruptcy Court.

Executed as a document under seal,

| Christopher J. Wickstrom, | LBM Financial, LLC, |
|---|---|
| | By: Marcello M. Mallegni |
| | Its: Manager |
| Dated: | Dated: January 27, 2009 |
| Pudgy Dog Realty Trust, | C.C. Queen Anne Realty Trust, |
| By: | By: |
| Its: | Its: |
| Dated: | Dated: |

[signatures cont'd on next page]

8

instrument executed and delivered under seal under the law of the Commonwealth of Massachusetts.

14. This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, and all such counterparts together shall constitute one and the same instrument. This Stipulation may be executed by facsimile. The Parties represent and warrant that each person signing this Stipulation is duly authorized to do so.

15. This Stipulation shall have no force or effect unless it is approved by a Final Order of the Bankruptcy Court.

Executed as a document under seal,

Christopher J. Wickstrom,

_____

Dated: 1/26/09

Pudgy Dog Realty Trust,

_____
By: Christopher Wickstrom
Its: Trustee
Dated: 1.26.09

LBM Financial, LLC,

_____
By:
Its:
Dated:

C.C. Queen Anne Realty Trust,

_____
By: Christopher Wickstrom
Its: Trustee
Dated: 1-26-09

[signatures cont'd on next page]

8

Full Throttle Realty Trust

By: _____ 1·26/09
Its: Trustee
Dated: 1·26-09

::ODMA\PCDOCS\DOCS\519322\1

**IN RE: CHRISTOPHER JON WICKSTROM**
**BANKRUPTCY NO. 06-14571 (WCH)**

**EXHIBIT A TO**

**STIPULATION BETWEEN**
**CHRISTOPHER WICKSTROM AND LBM FINANCIAL, LLC**

# MASSACHUSETTS QUITCLAIM DEED

We, **Christopher J. Wickstrom and John M. McAuliffe, Trustees of Full Throttle Realty Trust,** under Declaration of Trust dated August 27, 2003, recorded with the Barnstable County Registry of Deeds in Book 17546, Page 29, of 181 Queen Anne Road, Harwich, Massachusetts, and Christopher J. Wickstrom, individually, for consideration paid, and in full consideration of **SIX HUNDRED FIFTY THOUSAND DOLLARS ($650,000.00) AND 00/100**, grant to Forestdale Road, LLC of 171 Locke Drive, Marlborough, Massachusetts 01752, with **QUITCLAIM COVENANTS** the land in Mashpee, Barnstable County, Massachusetts and situated on the Southwesterly side of Forsestdale Road (Route 130), bounded and described as follows:

NORTHEASTERLY by Forestdale Road as shown on plan hereinafter mentioned;

SOUTHEASTERLY by land now or formerly of Harrison R. Frye, Jr. and Yuoshma G. Frye as shown on said plan;

SOUTHWESTERLY by a short road and by Otis Air Force Base as shown on said plan; and

NORTHWESTERLY by land now or formerly of Leonard Trust as shown on said plan.

Containing 18.05 acres of land, more or less, as shown on "a plan of land in North Mashpee, MA, Scale: 1 in. - 100 ft. Date: Jan 17, 1973" which said plan is filed with the Barnstable County Registry of Deeds in Plan Book 272, Plan 49.

BEING the same premises conveyed in that certain Deed dated August 27, 2003 from Natalie C. Atwood and Steven J. Marullo, as Co-Trustees of the 1985 William M. Atwood Trust, to Christopher J. Wickstrom and John M. McAuliffe, Trustees of Full Throttle Realty Trust, recorded with said Registry in Book 17546, Page 26 and that certain Deed dated August 26, 2003 from Elizabeth A. Nilsson, Thomas Otis, Joan T. Kapp, John Otis Drew, and John Otis Drew, Trustee of the MOB Nominee Trust, to Christopher J. Wickstrom and John M. McAuliffe, Trustees of Full Throttle Realty Trust, recorded with said Registry in Book 17546, Page 19.

Wendi/Wickstrom/Deed

The undersigned hereby certify as follows:

1. That said Declaration of Trust and Schedule of Beneficial Interest remains in full force and effect and has not been modified or amended;

2. That we are the duly named and appointed Trustees of said Trust;

3. None of the Beneficiaries of the Trust are minors;

4. That the Trustees have been directed and authorized by the Beneficiaries to execute and deliver this Deed.

WITNESS our hands and seals this _____ day of January, 2009.

                                               Full Throttle Realty Trust

                                               By: _____
                                                     Christopher J. Wickstrom, Trustee

                                               By: _____
                                                     John M. McAuliffe, Trustee


                                         _____
                                         Christopher J. Wickstrom, Individually

                        COMMONWEALTH OF MASSACHUSETTS
_____, ss.

On this _____ day of January, 2009, before me, the undersigned notary public, personally appeared Christopher J. Wickstrom and proved to me through satisfactory evidence of identification, being a driver's license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose, as Trustee of Full Throttle Realty Trust and individually.

                                         _____
                                         Notary Public:
                                         My Commission Expires:

                        COMMONWEALTH OF MASSACHUSETTS
_____, ss.

On this _____ day of January, 2009, before me, the undersigned notary public, personally appeared John M. McAuliffe and proved to me through satisfactory evidence of identification, being a driver's license, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose, as Trustee of Full Throttle Realty Trust.

                                         _____
                                         Notary Public:
                                         My Commission Expires:

Wendi/Wickstrom/Deed

## FULL THROTTLE REALTY TRUST

## CERTIFICATE AND DIRECTION OF BENEFICIARIES

1. The undersigned herby certifies that he holds one hundred (100%) percent of the beneficial interest of Full Throttle Realty Trust, under a Declaration of Trust by Christopher J. Wickstrom and John M. McAuliffe (Trustees) dated August 27, 2003 and recorded with the Barnstable County Registry of Deeds at Book 17546, Page 29. ("Trust").

2. The Trustees, Christopher J. Wickstrom and John M. McAuliffe, are directed by the beneficiaries of the Trust to enter into a sale transaction with respect to certain premises located at 532 Main Street, Mashpee, Barnstable County, Massachusetts, containing 18.05 acres of land, more or less, as shown on "a plan of land in North Mashpee, MA, Scale: 1" - 100 ft, Date: Jan 17, 1973" which plan is filed with the Barnstable Country Registry of Deeds in Plan Book 272, Plan 49, ("Premises"), and in connection therewith to execute and deliver on behalf of the Trust, any and all documents with respect to said transaction, including, but not limited to, a Deed by the Trustees conveying the Premises to Forestdale Road, LLC in full consideration of the sum of $650,000.00, together with any other agreements, assignments, certificates, affidavits, settlement statements and documents as may be necessary or desirable in effectuating said transaction.

Executed as a sealed instrument this _____ day of January, 2009.


_____
Christopher J. Wickstrom, Beneficiary

IN RE: CHRISTOPHER JON WICKSTROM
BANKRUPTCY NO. 06-14571 (WCH)

EXHIBIT B TO

STIPULATION BETWEEN
CHRISTOPHER WICKSTROM AND LBM FINANCIAL, LLC

Return to:
D. Ethan Jeffrey, Esq.
Hanify & King, P.C.
One Beacon Street, 21st Floor
Boston, MA  02108

## DISCHARGE OF MORTGAGE

For value received, **LBM Financial, LLC**, a Massachusetts limited liability company, holder of that certain Mortgage

from **Christopher J. Wickstrom and John M. McAuliffe, Trustees of Full Throttle Realty Trust, u/d/t dated August 27, 2003, and recorded at the Barnstable County Registry of Deeds and Christopher J. Wickstrom, Trustee of C.C. Queen Anne Realty Trust, u/d/t dated May 24, 1996, recorded with the Barnstable Registry District of the Land Court as Document 669300 and Christopher J. Wickstrom, Individually**, dated March 8, 2005 and recorded with the Barnstable County Land Court Registry District as Document Number 996260 and the Barnstable County Registry of Deeds at Book 19618, Page 138, for good and valuable consideration

acknowledges satisfaction of the same, cancels and discharges the same.

**PROPERTY ADDRESSES:**
195 Queen Anne Road
Harwich, MA 02645

33 Wooncepit Road
Harwich Port, MA 02646

Executed as a sealed instrument this _____ day of January, 2009.

                                        LBM Financial, LLC


                                  By:   _____
                                        Marcello Mallegni, Manager

COMMONWEALTH OF MASSACHUSETTS

_____, ss.


On this \_\_\_\_ day of January, 2009, before me, the undersigned notary public, personally appeared Marcello Mallegni, proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose as Manager of LBM Financial, LLC.

_____
(official signature and seal of notary)
My commission expires:

519180

Return to:
D. Ethan Jeffrey, Esq.
Hanify & King, P.C.
One Beacon Street, 21st Floor
Boston, MA 02108

## DISCHARGE OF MORTGAGE

For value received, **LBM Financial, LLC**, a Massachusetts limited liability company, holder of that certain Mortgage

from **Christopher J. Wickstrom and Clifford J. Wickstrom, Trustees of Pudgy Dog Realty Trust, u/d/t dated November 2, 1998, and recorded at the Barnstable Registry District of the Land Court as Document No. 744559**, dated March 14, 2005 and recorded with the Barnstable County Land Court Registry District as Document Number 996272, for good and valuable consideration

acknowledges satisfaction of the same, cancels and discharges the same.

**PROPERTY ADDRESS:**
181 Queen Anne Road
Harwich, MA 02645

Executed as a sealed instrument this _____ day of January, 2009.

LBM Financial, LLC

By: _____
Marcello Mallegni, Manager

COMMONWEALTH OF MASSACHUSETTS

_____, ss.

On this _____ day of January, 2009, before me, the undersigned notary public, personally appeared Marcello Mallegni, proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose as Manager of LBM Financial, LLC.

_____
(official signature and seal of notary)
My commission expires:

437522