# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| CHRISTOPHER J. WICKSTROM, | ) |
| | ) Case No. 06-14571-WCH |
| Debtor. | ) |
| | ) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION OF CHRISTOPHER J. WICKSTROM DEBTOR AND DEBTOR-IN-POSSESSION

Christopher J. Wickstrom (the "Debtor"), the debtor and debtor-in-possession in the above captioned bankruptcy proceeding, having proposed his *First Amended Plan of Reorganization of Christopher J. Wickstrom, Debtor And Debtor-in-Possession as Modified on February 13, 2009* (the "Plan") pursuant to Section 1121(a) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"); this Court having approved the Disclosure Statement (as defined below); the objections to confirmation filed by Accredited Home Lenders, Inc. LBM Financial, LLC ("LBM") having been resolved; LBM having changed its vote to a vote in favor of the Plan in accordance with the LBM Stipulation; this Court having considered all evidence presented at the hearing to consider confirmation of the Plan and approval of the *Motion to Approve Stipulation Between Christopher Wickstrom and LBM Financial, LLC and to Change Vote* (the "Motion to Approve") on February 13, 2009 (the "Confirmation Hearing"); this Court having taken judicial notice of the papers and pleadings on file in this bankruptcy case and based on the facts set forth in the Affidavits (as defined below);



and good cause existing for the entry of this Order; the Court hereby enters the following Findings of Fact, Conclusions of Law and Order approving Confirmation of the Plan:[1]

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Debtor was and is qualified to be a debtor under Section 109 of the Bankruptcy Code.

B. Venue of the Bankruptcy Case in the United States Bankruptcy Court for the District of Massachusetts was, and continues to be, proper, pursuant to 28 U.S.C. § 1408.

### I. BACKGROUND.

C. On December 4, 2006, the Debtor commenced a bankruptcy case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

D. On or about December 19, 2008, the Debtor filed the Plan and the *First Amended Disclosure Statement With Respect to Plan of Reorganization of Christopher J. Wickstrom Debtor And Debtor-in-Possession* (the "Disclosure Statement").[2]

E. On December 23, 2008, the Court entered an order approving the Disclosure Statement (the "Disclosure Statement Order").

F. On December 23, 2008, the Debtor the Debtor mailed Solicitation Packages (as defined in the Disclosure Statement Order) in accordance with the terms of the Disclosure

---

[1] This Confirmation Order constitutes this Court's findings of fact and conclusions of law under Fed. R. Civ. P. 52, as made applicable by Bankruptcy Rules 7052 and 9014. Any finding of fact shall constitute a finding of fact even if it is referred to as a conclusion of law, and any conclusion of law shall constitute a conclusion of law even if it is referred to as a finding of fact.

[2] Unless otherwise defined, capitalized terms used in this Order shall have the meanings ascribed to them in the Plan. Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Bankruptcy Rules, shall have the meaning ascribed to that term in the Bankruptcy Code or such rules.

2

Statement Order. A certificate of service evidencing service of the Solicitation Packages was filed with the Court.

G.      Service of the Plan, the Disclosure Statement and notice of the Confirmation Hearing was proper and in accordance with Rule 2002(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

H.      On January 28, 2009, the Debtor filed the *Stipulation Between Christopher Wickstrom and LBM Financial, LLC* (the "LBM Stipulation") and the Motion to Approve Stipulation Between Christopher Wickstrom and LBM Financial, LLC And to Change Vote (the "Motion to Approve"). The LBM Stipulation resolves LBM's disputed claims against the Debtor and requires, subject to the approval of the LBM Stipulation, LBM to change its vote on the Plan to a vote in favor of the Plan. Service of the Motion to Approve, the LBM Stipulation and the hearing on the Motion to Approve was proper.

I.      On February 10, 2009, the Debtor filed a *Motion For Authority to Modify Plan And to Deem Modified Plan Accepted by Creditors Who Have Previously Accepted The Plan* (the "Motion to Modify"). Service of the Motion to Modify was proper.

J.      On February 12, 2009, the Debtor filed the *Report of Plan Voting With Respect to First Amended Plan of Reorganization of Christopher Wickstrom, Debtor And Debtor-in-Possession* (the "Report of Plan Voting").

K.      The following affidavits (collectively the "Affidavits") were submitted in support of confirmation of the Plan:

   i.   *Affidavit of Christopher J. Wickstrom in Support of First Amended Plan of Reorganization of Christopher J. Wickstrom Debtor And Debtor-in-Possession* (the "Wickstrom Affidavit");

3

ii. *Affidavit of Heather Ross in Support of First Amended Plan of Reorganization of Christopher J. Wickstrom Debtor And Debtor-in-Possession* (the "Ross Affidavit"); and

iii. *Affidavit of John Lewis in Support of First Amended Plan of Reorganization of Christopher J. Wickstrom Debtor And Debtor-in-Possession.*

L. The Court conducted the Confirmation Hearing on February 13, 2009. The Court has reviewed and considered the Plan and the evidence proffered or adduced and the exhibits admitted as evidence at the Confirmation Hearing, and the arguments of counsel made at the Confirmation Hearing.

M. No objections to either the Motion to Approve or the Motion to Modify were filed.

N. The Court conducted hearings on the Motion to Approve and the Motion to Modify on February 13, 2009.

**II. FACTS RELATING TO CONFIRMATION.**

O. Based on, among other things, the Ross Affidavit, the following properties have the following market values:

i. 181 Queen Anne Road, Harwich, Massachusetts ("181 Queen Anne") – $1,385,000;

ii. 195 Queen Anne Road, Harwich, Massachusetts ("195 Queen Anne") – $700,000; and

iii. 33 Wooncepit Road, Harwichport, Massachusetts ("33 Wooncepit") – $285,000.

P. Queen Anne, LLC ("QAL"), the successor in interest to Strata Bank, holds first and second mortgages on 181 Queen Anne to secure claims aggregating not less than $1,700,000. *See* Wickstrom Affidavit, ¶¶ 10, 11. QAL holds a first mortgage on 195 Queen Anne to secure a claim of not less than $883,000. *Id.* at ¶¶ 17, 18. Pursuant to Section 506 of

4

the Bankruptcy Code, any claims secured by Liens junior to QAL's Liens on 181 Queen Anne and 195 Queen Anne are wholly unsecured, and such junior Liens are discharged. See 11 U.S.C. §§ 506 (a) and (d).

Q. Accredited Home Mortgage ("Accredited") and the Massachusetts Department of Revenue (the "DOR") are the creditors with the two senior liens against 33 Wooncepit. The aggregate amount of Accredited's and the DOR's claims exceeds the market value of 33 Wooncepit. *See* Wickstrom Affidavit, ¶¶ 25, 27. Pursuant to Section 506 of the Bankruptcy Code, any claims secured by Liens junior to Accredited's and the DOR's Liens are wholly unsecured, and such junior Liens are discharged. See 11 U.S.C. §§ 506 (a) and (d).

R. The settlement and compromise of claims proposed in the LBM Stipulation falls well above the lowest point on the continuum of reasonableness. *See Jeremiah v. Richardson*, 148 F.3d 17 (1st. Cir. 1998); *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983); *In re Planned Protective Services, Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991). Cause exists, pursuant to Federal Rule of Bankruptcy Procedure 3018, to permit LBM to change its vote to a vote accepting the Plan.

S. Cause exists to permit the Debtor to modify the Plan as described in Motion to Modify.

### III. COMPLIANCE WITH THE REQUIREMENTS OF SECTION 1129 OF THE BANKRUPTCY CODE.

T. The Plan complies with all applicable provisions of the Bankruptcy Code, as required by Section 1129(a)(1) of the Bankruptcy Code.

U. The Plan complies with the classification requirements of Sections 1123(a)(2) and 1123(a)(3) of the Bankruptcy Code. Pursuant to Section 1123(a)(4) of the Bankruptcy Code, the Plan provides the same treatment for each Claim or Equity Interest within a particular Class,

5

unless the holder of a Claim or Equity Interest agrees to less favorable treatment of its Claim or Equity Interest.

V. The Plan satisfies the requirements of Sections 1123(a)(5) of the Bankruptcy Code as it provides for the payment of Allowed Secured, Administrative and Priority Claims, and for the creation and funding of a Plan Fund to pay General Unsecured Claims.

W. Sections 1123(a)(6) and (a)(7) of the Bankruptcy Code does not apply to the Plan because the Debtor is not a corporation.

X. The Plan satisfies Section 1123(a)(8) of the Bankruptcy Code because it requires the Debtor to devote all of his Disposable Income to the payment of creditors during the term of the Plan.

Y. The Debtor has complied with all applicable provisions of the Bankruptcy Code within the meaning of Section 1129(a)(2) of the Bankruptcy Code.

Z. The Plan satisfies the requirements of Section 1129(a)(3) of the Bankruptcy Code because the Debtor proposed the Plan in good faith and not by any means forbidden by law.

AA. Any payments made or to be made for services or for costs and expenses accruing prior to Confirmation or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, have, to the extent required by the Bankruptcy Code, been approved by, or are subject to the approval of, the Bankruptcy Court as reasonable. Section 1129(a)(4) of the Bankruptcy Code has, therefore, been satisfied.

BB. To the extent applicable to the Plan, the Debtor has complied with Section 1129(a)(5) of the Bankruptcy Code by disclosing that the Reorganized Debtor will serve as the Plan Fiduciary under the Plan.

6

CC. The Debtor's business does not involve the establishment of rates over which any regulatory commission has or will have jurisdiction after Confirmation. Section 1129(a)(6) therefore does not apply in the Bankruptcy Case.

DD. With respect to each impaired Class of Claims against or Equity Interests in the Debtor, each holder of an impaired Claim or Interest has accepted or is deemed to have accepted the Plan or will receive or retain under the Plan on account of such Claim or Equity Interest property of a value, as of the Effective Date, that is not less than the amount such holder would receive or retain if the Debtor was liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code. The Plan therefore complies with the requirements of 11 U.S.C. § 1129(a)(7) of the Bankruptcy Code.

EE. With respect to the voting on the Plan, Classes 1, 2, 3, 4, 5, 6, 7 and 8 were entitled to vote to accept or reject the Plan. As is evidenced by the Report of Plan Voting, all Classes have voted to accept the Plan in accordance with Section 1126(c) of the Bankruptcy Code or are deemed to have accepted the Plan. Class 2 originally voted to reject the Plan, but, with approval of the Court, has changed its vote to a vote to accept the Plan. The holder of the Class 3 Claim objected to the Plan, but failed to prosecute that objection and it has therefore been overruled.

FF. The Plan provides for treatment of Allowed Administrative Claims, and Priority Tax Claims in the manner required by Section 1129(a)(9) of the Bankruptcy Code. The Plan therefore satisfies the requirements of 11 U.S.C. § 1129(a)(9).

GG. The Report on Plan Voting demonstrates that at least one Class that is impaired under the Plan and that includes non-insider creditors, Class 1, has accepted the Plan without

including the votes of any insider. The Plan therefore complies with the requirements of 11 U.S.C. § 1129(a)(10).

HH. Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor, and the Plan therefore complies with the requirements of 11 U.S.C. § 1129(a)(11).

II. Pursuant to Article II, Section 2.2(b) of the Plan and the terms of this Order, all quarterly fees due and payable to the Office of the United States Trustee pursuant to Section 1930(a)(6) of Title 28 of the United States Code will be paid in full on or before the Effective Date. Accordingly, Section 1129(a)(12) of the Bankruptcy Code is satisfied.

JJ. No applicable retirement benefits were in existence prior to confirmation of the Plan. Section 1129(a)(13) is, therefore, not applicable to the Plan.

KK. No judicial or administrative order, nor any statute requires the Debtor to pay any post-Petition Date domestic support obligations. Section 1129(a)(14) of the Bankruptcy Code is, therefore, not applicable to the Plan.

LL. The Plan requires the Debtor to contribute all of his Disposable Income to the Plan Fund for the five (5) year period commencing on the Effective Date. Section 1129(a)(15) of the Bankruptcy Code is therefore satisfied.

MM. The Plan does not discriminate against any Classes of claims that have not accepted the Plan. The Plan treats creditors holding Claims in Classes that have not accepted the Plan fairly and equitably. Accordingly, Section 1129(b) of the Bankruptcy Code is satisfied

NN. The primary purpose of the Plan is not the avoidance of taxes or the avoidance of the requirements of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e), as amended.

8

OO. Subject to the entry of this order and the approval of the settlement of the disputed claim of LBM Financial, LLC ("LBM"), the objections to the Plan filed by Accredited Home Lenders, Inc. and LBM have been withdrawn.

## ORDER

**ACCORDINGLY, THE COURT HEREBY ORDERS THAT:**

1. The Motion to Modify is granted and the Plan, as modified, shall be the "Plan" under this order and for all purposes.

2. The Plan is hereby confirmed pursuant to Section 1129 of the Bankruptcy Code.

3. Notwithstanding any otherwise applicable law and subject only to the occurrence of the Effective Date, the terms of the Plan and this Confirmation Order are deemed binding upon all Persons including the Debtor, the Reorganized Debtor, any and all holders of Claims or Equity Interests (irrespective of whether such Claims or Equity Interests are impaired under the Plan or whether the holders of such Claims or Equity Interests accepted or rejected the Plan), any and all nondebtor parties to Executory Contracts and Unexpired Leases with the Debtor including, but not limited to, any and all entities who are parties to or are subject to the releases, waivers, discharges and injunctions under the Plan and the respective heirs, executors, administrators, successors or assigns, if any, of any of the foregoing.

4. The Motion to Approve is granted, and the Debtor is authorized to implement the terms of the LBM Stipulation and to sign such other documents that are necessary to effectuate the LBM Stipulation. The Mashpee Property shall be transferred to LBM free and clear of all liens, claims and interests, except for any claims secured by liens senior to LBM's liens on the Mashpee Property, including real estate taxes.

5.     Pursuant to the Plan Proponent Term Sheet, Keynorth, or its nominee, is hereby granted liens (collectively the "Keynorth Liens") on the Debtor's interest in 181 Queen Anne and 195 Queen Anne, junior only to the liens held by QAL and any other valid and perfected liens senior to the liens held by QAL. The Keynorth Liens shall secure the Contribution Amount.

A.     **CLAIMS BAR DATES AND OTHER CLAIMS MATTERS**

i.     **Bar Date for Administrative Expense Claims**

6.     All applications for reimbursement of expenses incurred before the Effective Date and all other requests or claims for payment of Administrative Expense Claims incurred on or before the Effective Date under Section 507(a)(2) or 507(b) of the Bankruptcy Code other than the Professional Fee Claims, shall be filed with the Bankruptcy Court within thirty (30) days of the Effective Date (the "Administrative Expense Claim Bar Date"). Any request for the payment of an Administrative Expense Claim that is subject to the Administrative Expense Claim Bar Date and that is not filed and served on or before the Administrative Expense Claim Bar Date shall be forever barred; any party that seeks payment of Administrative Expense Claim and that (i) is required to file a request for payment of such Administrative Expense Claim and (ii) does not file and serve such a request by the Administrative Expense Claim Bar Date shall be forever barred from asserting such Administrative Expense Claim against the Debtor, the Reorganized Debtor, the Debtor's estate or any of their respective properties.

ii.     **Bar Date for Professional Fee Claims.**

7.     All applications for the final allowance of Professional Fee Claims incurred through and including the Effective Date shall be filed and served on or before 30 days after the Effective Date, unless otherwise ordered by this Court. Any request for the payment of such a

10

Professional Fee Claim that is not filed and served on or before 30 days after the Effective Date (or such other date established by this Court) shall be forever barred.

### iii. Bar Date for Rejection Damages Claims and Related Procedures.

8. The entry of this Confirmation Order constitutes the approval, pursuant to Sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of the rejection of executory contracts and unexpired leases as described in the Plan. All claims arising from the rejection of an executory contract or unexpired lease (the "Rejection Claims") must be filed and served on or before thirty (30) days following the entry of this Confirmation Order, or within such other time as may be fixed by this Court. Any Rejection Claims that are not filed and served within such time shall be forever barred, and shall not share in any distributions under the Plan.

### B. IMPLEMENTATION OF THE PLAN

9. On the Effective Date the Reorganized Debtor shall be vested with the Debtor's assets to the extent provided in the Plan.

10. All quarterly fees due and payable to the Office of the United States Trustee pursuant to Section 1930(a)(6) of Title 28 of the United States Code shall be paid in full on or before the Effective Date. The Plan Fiduciary will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed. After confirmation, the Plan Fiduciary will serve the United States Trustee with a monthly financial report for each month (or portion thereof) that the case remains open. The monthly financial report shall include the following: (1) a statement of all disbursements made during the course of the month, whether or not pursuant to the Plan; (2) a summary, by class, of amounts distributed or property transferred to each recipient under the Plan, and an explanation of the failure to make any distributions or transfers of property under the Plan, if any; and (3) an estimated date when an application for

final decree will be filed with the court (in the case of the final monthly report, the date the decree was filed).

11. The Plan Fiduciary is authorized to enter into all documents, instruments and agreements reasonably necessary to effectuate the terms of the Plan.

12. Except as may be expressly provided in the Plan or in a Non-Appealable Order of the Bankruptcy Court: (a) no asset of the Debtor's estate shall be deemed abandoned and no defense, set-off, counterclaim or right of recoupment of the Debtor shall be deemed waived, released or compromised, (b) any Claims, demands, rights and Causes of Action that the Debtor or the Estate may hold against any person or entity are fully preserved, and (c) without in any manner limiting the scope of the foregoing, notwithstanding any otherwise applicable principle of law or equity, the failure to list, disclose, describe, identify, or refer to a right, cause of action, defense, or counterclaim, or potential right, cause of action, defense, or counterclaim in the Schedules, the Plan, the Disclosure Statement, or any other document filed with the Bankruptcy Court, shall in no manner waive, eliminate, modify, release, or alter the Reorganized Debtor's right to commence, prosecute, defend against, settle, and realize upon any rights, causes of action, defenses, or counterclaims that any of the Debtor or the Reorganized Debtor have or may have as of the Confirmation Date. No preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable or otherwise) or laches shall apply to the foregoing by virtue of or in connection with the confirmation, consummation of effectiveness of the Plan.

13. Pursuant to Section 1146 of the Bankruptcy Code, no party, including (without limitation) LBM and/or the Debtor with respect to the Mashpee Property, may be taxed under any law imposing a stamp tax or similar tax for the issuance, transfer or exchange of a security,

or the making or delivery of an instrument of transfer under the Plan confirmed under Section 1129 of this title.

### C. DISCHARGE AND INJUNCTION

14. The discharge provided for in the Plan is hereby approved and the entry of this Confirmation Order shall constitute a judicial determination that all Claims and Interests are discharged to the extent provided in the Plan.

15. Except for LBM's Liens and any Liens that are senior to LBM's Liens, all Liens against the Mashpee Property are hereby canceled, discharged and released without further act or action by the Debtor that is required under any applicable agreement, law, regulation, order or rule, including, without limitation, the following Liens:

   a. Notice of Massachusetts Tax Lien in the face amount of $16,613.89 against Christopher J. Wickstrom, filed in the Barnstable County Registry of Deeds (the "Registry"), Book 20510, Page 125;

   b. Notice of Massachusetts Tax Lien in the face amount of $217,118.95 against Christopher J. Wickstrom, filed in the Registry, Book 21045, Page 63;

   c. Notice of Massachusetts Tax Lien in the face amount of $156,828.81 against Christopher J. Wickstrom, filed in the Registry, Book 21045, Page 64;

   d. Notice of Massachusetts Tax Lien in the face amount of $135,596.65 against Christopher J. Wickstrom, filed in the Registry, Book 21045, Page 65;

   e. Notice of Massachusetts Tax Lien in the face amount of $26,165.05 against Christopher J. Wickstrom, filed in the Registry, Book 21045, Page 66;

   f. Notice of Massachusetts Tax Lien in the face amount of $207,748.72 against Christopher J. Wickstrom, filed in the Registry, Book 21402, Page 272;

   g. Notice of Massachusetts Tax Lien in the face amount of $160,522.19 against Christopher J. Wickstrom, filed in the Registry, Book 21402, Page 273;

   h. Notice of Massachusetts Tax Lien in the face amount of $124,132.11 against Christopher J. Wickstrom, filed in the Registry, Book 21402, Page 274;

i. Notice of Massachusetts Tax Lien in the face amount of $76,657.57 against Christopher J. Wickstrom, filed in the Registry, Book 21402, Page 275;

j. Writ of attachment dated July 28, 2006 in favor of Aztec Building Services, Inc. against Christopher Wickstrom, filed in the Registry, District of the Land Court, at document no. 1,040,770; and

k. Execution dated November 6, 2006 in favor of Pavestone Company against Christopher Wickstrom, filed in the Registry, District of the Land Court, at document no. 1,050,647 (all of the foregoing Liens collectively referred to as the "Pre-Petition Liens").

16. Except for QAL's Liens and the Keynorth Liens and any Liens that are senior to such Liens, all Liens against 181 Queen Anne and 195 Queen Anne are hereby canceled, discharged and released without further act or action by the Debtor that is required under any applicable agreement, law, regulation, order or rule, including, without limitation, LBM's Liens and the Pre-Petition Liens.

17. Except for Accredited's Liens and the DOR's Liens (each only to the extent of the value of 33 Wooncepit, after taking into account any senior Liens) and any Liens that are senior to such Liens, all Liens against 33 Wooncepit are hereby canceled, discharged and released without further act or action by the Debtor that is required under any applicable agreement, law, regulation, order or rule, including, without limitation, LBM's Liens and the Pre-Petition Liens.

18. The releases provided for in the Plan are hereby approved. This Confirmation Order shall be, and hereby is, a judicial determination of the release of all such Claims by the Debtor and/or its bankruptcy estate to the extent provided in the Plan.

19. As of the Effective Date, all Persons are hereby permanently enjoined from commencing or continuing, in any manner or in any place, any action or other proceeding, whether directly, indirectly, derivatively or otherwise against the Debtor, the Estate and/or the Reorganized Debtor on account of, or respecting any Claims, debts, rights, Causes of Action or

14

liabilities discharged pursuant to the Plan, except to the extent expressly permitted under this Order or the Plan.

20. Neither the Debtor, the Reorganized Debtor, nor any of their respective present or former advisors, attorneys, agents, successors or assigns, shall have or incur any liability to any holder to a Claim or an Interest, or any other party in interest, or any of their respective agents, employees, representatives, financial advisors, attorneys, or affiliates, or any of their successor or assigns, for any act or omission in connection with, relating to, or arising out of, the administration of these Chapter 11 bankruptcy proceedings, the pursuit of confirmation of the Plan, the Disclosure Statement, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan; provided that, (a) the terms of this paragraph shall not apply to any liability of any entity for its breach of fiduciary duty, bad faith, willful misconduct or negligence, (b) nothing herein exculpates the Debtor, the Reorganized Debtor or his agents from effectuating the Plan, and (c) nothing herein shall limit or impair any rights, claims or obligations the Debtor may have against any entity as of the Petition Date.

**D.     NOTICE OF ENTRY OF CONFIRMATION ORDER.**

21. In accordance with Bankruptcy Rules 2002 and 3020(c), on or before five business days following the Effective Date, the Debtor shall give notice of the entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form of Exhibit A to this Order (the "Notice of Confirmation"), by United States first class mail postage prepaid, to: (i) the United States Trustee; (ii) counsel for the Debtor, (iii) each department, agency, or instrumentality of the United States that asserts a non-tax claim against the Debtor; (iv) entities which requested notices under Bankruptcy Rule 2002; and (v) all creditors on the matrix filed by

15

the Debtor and (to the extent not on the matrix) all creditors who have filed proofs of Claim in the Bankruptcy Case.

22. Notwithstanding anything to the contrary contained herein, no notice or service of any kind will be required to be mailed or made upon any person to whom (i) the Debtor (or his agents) mailed a notice of the last date for filing proofs of claim in this Bankruptcy Case, or (ii) the Debtor (or his agents) mailed the Solicitation Packages containing, among other things, notice of the Confirmation Hearing, but received any of such notices returned marked "undeliverable as addressed," "moved - left no forwarding address," or "forwarding order expired," or similar reason, unless the Debtor has been informed in writing by such person of that person's new address.

23. Mailing of the Notice of Confirmation in the time and manner set forth in the preceding paragraphs is adequate and satisfies the requirements of Bankruptcy Rules 2002 and 3020(c), and no further notice is necessary.

E. **JURISDICTION AND WAIVER.**

24. This Court shall retain jurisdiction of all matters arising out of, or related to, the Bankruptcy Case and the Plan to the extent provided in the Plan.

25. The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provision, it being understood the intent of this Court that the Plan be confirmed and approved in its entirety.

26. This Confirmation Order shall be, and hereby is, deemed recordable in form and any and all recording authorities are directed to accept this Confirmation Order for filing.

/s/ William C. Hillman
The Honorable William C. Hillman
Judge, United States Bankruptcy Court

Dated: February 13, 2009

520988

17

IN RE: CHRISTOPHER JON WICKSTROM
BANKRUPTCY NO. 06-14571 (WCH)

EXHIBIT A

CONFIRMATION NOTICE

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

|  |  |
|---|---|
| In re:<br><br>CHRISTOPHER J. WICKSTROM,<br><br>Debtor. | )<br>)<br>) **Chapter 11**<br>)<br>) **Case No. 06-14571-WCH**<br>)<br>) |

**NOTICE OF (1) CONFIRMATION OF FIRST AMENDED JOINT PLAN OF REORGANIZATION OF DAVID B. MADOFF, CHAPTER 11 TRUSTEE, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CONNECT PLUS INTERNATIONAL CORPORATION, (2) EFFECTIVE DATE, AND (3) DEADLINES FOR FILING ADMINISTRATIVE CLAIMS, PROFESSIONAL FEE CLAIMS, AND CERTAIN LEASE AND CONTRACT REJECTION CLAIMS**

**PLEASE TAKE NOTICE THAT:**

1. <u>Confirmation of Plan</u>. By order dated February ___, 2009 (the "Order"), the United States Bankruptcy Court for the District of Massachusetts (the "Court") confirmed the *First Amended Plan of Reorganization of Christopher Wickstrom, Debtor And Debtor-in-Possession, as Modified on February 13, 2009* (the "Plan") filed by Christopher J. Wickstrom (the "Debtor"). The Order is available for inspection at the Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 1101 Thomas P. O'Neill Federal Office Bldg., 10 Causeway Street, Boston, MA 02222-1074 and copies of the Order may be obtained upon request to the counsel to the Debtor, Hanify & King, Professional Corporation, One Beacon Street, Boston, MA, Attn: D. Ethan Jeffery, Esq. Email: dej@hanify.com.

2. <u>Effective Date</u>. The Effective Date[3] of the Plan was [_____, 2009].

3. <u>Administrative Expense Claim Bar Date</u>. Any and all applications under Sections 507(a)(1) or 507(b) of the Bankruptcy Code (other than Professional Fee Claims) for the payment of Claims incurred after December 6, 2006 (the "Petition Date") through and including the Effective Date (an "Administrative Expense Claim"), shall be filed with the Bankruptcy Court on or before [_____, 2009] (the "Administrative Expense Claim Bar Date"). Any party seeking payment of an Administrative Expense Claim must file a written application for the allowance of such Administrative Expense Claim with the Clerk, Office of the Clerk, United States Bankruptcy Court for the District of Massachusetts (Eastern Division), 1101 Thomas P. O'Neill Federal Office Bldg., 10 Causeway Street, Boston, MA 02222-1074, on or before the Administrative Expense Claim Bar Date. **Any request for payment of an Administrative Expense Claim that is not filed on or before the Administrative Expense Claim Bar Date shall be forever barred, and the party asserting such**

---

[3] Unless otherwise defined, capitalized terms used in this Notice shall have the meanings ascribed to them in the Plan.

**Administrative Expense Claim shall be enjoined from seeking payment of such Administrative Expense Claim from the Debtor, the Reorganized Debtor, the Debtor's estate, the Plan Fiduciary, the Creditors' Trust and/or any of their respective properties.**

4. *Professional Fee Claims.* Unless otherwise ordered by the Court, all applications for final compensation and reimbursement of Professional Fee Claims incurred before the Effective Date shall be filed with the Clerk of the Court (at the address listed in paragraph 3) on or before the Administrative Expense Claim Bar Date. Any such application shall also include fees and expenses incurred on or after the Effective Date in preparing the application, to the extent requested by the applicant. **Any request for payment of a Professional Fee Claim that is not filed on or before the Administrative Expense Claim Bar Date shall be forever barred, and the party asserting such Professional Fee Claim shall be enjoined from seeking payment of such Professional Fee Claim from the Debtor, the Reorganized Debtor, the Debtor's estate, the Plan Fiduciary, the Creditors' Trust and/or any of their respective properties.**

5. *Contract/Lease Rejection Claims.* All Claims arising from the rejection of executory contracts or unexpired leases (collectively "Rejection Damages Claims"), whether under the Plan or by separate proceeding, shall be treated as Claims in Class 3 under the Plan. All Rejection Damages Claims must be filed with the Clerk of the Court (at the address listed in paragraph 3) on or before [_____, 2009]. **Any Rejection Damages Claim that is not filed on or before the _____, 2009 shall be forever barred, and the party asserting such Rejection Damage Claim shall be enjoined from seeking payment of such Rejection Damage Claim from the Debtor, the Reorganized Debtor, the Debtor's estate, the Plan Fiduciary, the Creditors' Trust and/or any of their respective properties.**

6. *Distribution.* Creditors holding Allowed Claims against the Debtor's estate will be entitled to receive Distributions in accordance with the terms of the Plan.

Dated: February __, 2009

/s/ _____
D. Ethan Jeffery (BBO #631941)
Natalie B. Sawyer (BBO #660072)
HANIFY & KING,
Professional Corporation,
One Beacon Street, 21st Floor
Boston, Massachusetts 02108
Telephone: (617) 423-0400
Facsimile: (617) 423-0498

2